IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHERINE ROBINSON, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WESTBURY HEALTH AND REHABILITATION CENTER-CONYERS, INC., <br><br> Defendant. | Civil Action No. <br><br> JURY TRIAL DEMANDED |

_____

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Katherine Robinson ("Robinson" or "Plaintiff"), by and through undersigned counsel, on behalf of herself and all similarly situated individuals, and files this Complaint against Defendant Westbury Health and Rehabilitation Center Conyers, Inc. ("Defendant" or "Westbury"), and shows the following:

**I.   Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress

the unlawful employment practices described herein.  Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Westbury is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff and putative class members' claims occurred in this district.

### III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from October 1991 until July 2, 2014.

7.

Throughout the above referenced period, Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

From March 16, 2011 – July 2, 2014 (the relevant period for the named Plaintiff's claims) Plaintiff was employed by Defendant as a non-exempt "cook" at Defendant's nursing home.

9.

From March 16, 2011 – July 2, 2014, while employed by Defendant as a cook, Plaintiff was paid on an hourly basis and entitled to overtime compensation for hours worked in excess of 40 in a workweek.

10.

From March 16, 2011 – July 2, 2014, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for many hours worked over (40) in such weeks.

11.

For example, during the two week pay period running from January 1 – January 15, 2014, Plaintiff was employed at an hourly rate of $13.18. During this pay period, Plaintiff recorded at least 84.75 work hours on her timecard as represented in her pay stub. Despite working at least 4.75 overtime hours during a week in this pay period, Defendant paid Plaintiff her $13.18 regular rate for all hours worked and did not pay Plaintiff time and a half for her overtime hours.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without receiving overtime compensation.

14.

During the last three years, Defendant knew or had reason to know that Plaintiff worked in excess of (40) hours in given workweeks without receiving overtime compensation.

15.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

During the last three years, Plaintiff was paid an hourly rate for all hours worked, without overtime compensation calculated at one and one-times her regular rate of pay for many hours she worked in excess of (40) hours in given workweeks.

18.

Defendant is a private employer and its gross annual volume of sales exceeds $500,000.

## IV.     Collective Action Allegations

19.

Plaintiff brings Count I of this Complaint on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant as hourly, non-exempt workers that, within the last three (3) years, were paid less than one and one half times their regular rate for some or all of the overtime hours they worked.

20.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for overtime hours worked while working as non-exempt hourly employees.

21.

Defendant was aware that Plaintiff and the Collective Class were working overtime hours and receiving straight time rather than time and a half for some or all of their overtime hours worked.

22.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiffs and the Collective Class.

23.

During the last three years, Plaintiff and the Collective Class were all hourly employees classified as non-exempt from the overtime requirements of the FLSA.

24.

During the last three years, Plaintiff and the Collective Class were all subject to the same unlawful policy, i.e. Defendant's policy of refusing to pay time and a half for overtime hours worked by hourly, non-exempt employees and instead paying such employees their regular rate for such hours.

25.

Plaintiff and the Collective Class are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

26.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

27.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

28.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than (40) hours per week without overtime compensation.

29.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

30.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

31.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

32.

Plaintiffs and the Collective Class were subject to the same unlawful policy of Defendant, i.e. Defendant's policy of paying hourly, non-exempt workers straight time for overtime hours rather than time and a half their regular hourly rates.

33.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff and the Collective Class to a three year statute of limitations for their claims.

34.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Conditionally certify this matter as a collective action and provide notice to putative class members;

(B) Grant Plaintiff and the Collective Class a trial by jury as to all triable issues of fact;

(C) Enter judgment against Defendant and awarding Plaintiff and the Collective Class unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert

witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(D) Grant declaratory judgment declaring that Plaintiff and the Collective Class' rights have been violated and that Defendant willfully violated the FLSA;

(E) Grant Plaintiff and the Collective Class leave to add additional state law claims if necessary; and

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

This 18th day of March, 2015.

> **BARRETT & FARAHANY, LLP**
>
> /s/ V. Severin Roberts
> Amanda A. Farahany
> Georgia Bar No. 646135
> Benjamin F. Barrett
> Georgia Bar No. 039586
> V. Severin Roberts
> Georgia Bar No. 940504
> Attorneys for Plaintiff Katherine Robinson

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile

11